[Civ. No. 12503. Second Appellate District, Division Two.—April 19, 1940.]

In the Matter of the Estate of MATHILDE G. MAUTNER, Deceased. DORIS FISCHER, Executrix, etc., Respondent, v. IDA WELLS, Appellant.

Leland E. Zeman, Charles Hollopeter and A. R. Golden for Appellant.

Melvin E. MacKinnon and Philip B. Kehr for Respondent.

McCOMB, J.—This appeal transferred from the Supreme Court to this court for decision pursuant to the provisions of article VI, section 4c of the Constitution of the State of California is from an order of the superior court sitting in probate, construing a provision in the will of decedent and instructing the executrix relative to the correct interpretation thereof.

The essential facts are:

The will of decedent contained among others the following provisions:

"Second: That my personal property consisting of clothing, household furniture and effects of every kind of which I may die possessed, shall be sold and the money derived therefrom shall be included in and become a part of my estate. Whatever other real and personal property, consisting of houses, lots, notes, mortgages, stocks, bonds and money in the bank, if any there be, shall be and shall constitute a part of my estate, and I hereby direct that my executor shall dispose of and convert any part of my estate, to enable him to divide the estate among my heirs, as I direct."

"Seventh: It is my wish that in the matter of dividing of my estate among the within named persons, that if any difference shall arise as to the value thereof, or as to when and how any part thereof, shall be sold or disposed of for the purpose of dividing the same, that the will of the majority shall prevail."

Respondent executrix petitioned the probate court for instructions relative to the sale and distribution of the estate of decedent. The court in response thereto made the following orders:

"7. That the executrix exercise reasonably diligent effort to sell any and all salable assets and property of this estate for the purpose of placing said estate in condition for final distribution."

"8. That any and all sales of assets or property of the estate shall be conducted by the executrix in accordance with the provisions of Section 755 of the Probate Code of the State of California and such sale or other disposition of said property or assets shall be subject to approval and confirmation by this Court."

These are the questions to be determined:

*First: Were the provisions of the will set forth above free from ambiguity?*

*Second: Did the Probate Court place the proper constructions upon the provisions of the will here questioned?*

The first question must be answered in the negative. A reading of the second and seventh paragraphs of decedent's will, which are the only material provisions so far as the question before this court is concerned, leaves unanswered these queries:

(1) Who are the within named persons?

(2) To what majority is the testatrix referring?

(3) If the majority fail to agree, should the executrix endeavor to dispose of decedent's property?

The answers to the foregoing questions are left doubtful by the provisions of the will and therefore it was proper for the executrix to seek instructions from the probate court. (*In re Pearsons*, 98 Cal. 603, 610 [33 Pac. 451]; 23 Cor. Jur. (1921) 1174, sec. 393; 21 Am. Jur. (1939) 492, sec. 214.)

The second question must be answered in the affirmative. As heretofore stated, the provisions of the will relative to the sale of decedent's property were ambiguous. We

believe the instructions given by the court provide a reasonable plan under which the executrix may proceed with the sale and distribution of the estate entirely in accordance with the wishes of decedent.

For the foregoing reasons the orders appealed from are and each is affirmed.

Moore, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 17, 1940.